THE PEOPLE OF PUERTO RICO, Petitioner, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1148. Submitted October 2, 1944.—Decided November 6, 1944.

*Jesús A. González, Acting Attorney General,* and *Francisco A. Arrillaga* and *Antonio Riera, Special Counsel,* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The People of Puerto Rico, in the name of the Land Authority of Puerto Rico, instituted, in the District Court of Guayama, a condemnation proceeding against the owners of a certain rural property located in Aibonito and all nat-

ural or artificial persons having any interest or lien therein. In accordance with § 5 (a) of the Act providing for condemnation proceedings, as amended by Act No. 19 of November 30, 1932 (Second and Third Special Sessions, p. 82), the petitioner filed, together with the petition, a declaration of taking for the acquisition and material delivery of the property and deposited in court, for the use and benefit of the respondents, the sum of $25,902.62, which it estimated to be the just and reasonable compensation for the property.

In view of the filing of the petition, of the declaration of taking, and of the deposit of the compensation, the court entered an order, the dispositive part of which reads thus:

"Therefore, it is adjudged, ordered, and decreed that the title in fee simple absolute to certain land having a net area of one hundred and ninety-four acres (*cuerdas*) and seven thousand and ninety-one ten-thousandths of an acre (194.7591 acres), located in the ward of El Llano, in the municipal district of Aibonito, Puerto Rico, and described in Exhibit 'A' accompanying the Declaration for Acquisition and Material Delivery of the Property and in Exhibit 'One', attached to this Order, is vested from the date of the filing of the Declaration for Acquisition and Material Delivery of the Property in the People of Puerto Rico, in the name and for the use of the Land Authority of Puerto Rico;

"That the Registrar of Property of Guayama, Puerto Rico, shall record, free of all encumbrances or liens, said title to the said property in fee simple absolute in favor of the People of Puerto Rico, in the name and for the use of the Land Authority of Puerto Rico."

Upon the above order being presented for record in the Registry of Property of Guayama, the registrar recorded the same in the manner set forth in the following decision:

"The foregoing document, as to a property of 195.1036 acres which, after deducting therefrom 3445 ten-thousandths of an acre which is the area of the municipal road in the ward of Llano that crosses the property, leaves a net area of 194.7591 acres in the ward of Llano, Aibonito, described in the accompanying exhibit, submitted together with a copy of the petition in this case, is recorded at page 2, volume 46 of Aibonito, Property No. 1854, First Inscription.

Said property, according to the entries of the registry, is subject to the following encumbrances: a mortgage in favor of the Federal Land Bank of Baltimore; two mortgages in favor of the holder of certain promissory notes; and three attachments in favor of the Heirs of Manuel Berríos Ortiz, Etelvina Torres Colón, and Josefa Inés Torres Colón, respectively.''

As may be seen from the above-quoted decision, the registrar did not record in favor of the People of Puerto Rico the title in fee simple absolute free from encumbrances. On the contrary, he stated the various charges burdening the property. In opposition to the appeal taken from his decision by the People of Puerto Rico, the registrar requests that the same be dismissed:

(a) Because he has not been served with a simple copy of the instrument or instruments on which the appeal is based, citing Rule 92(a) of this court, and

(b) Because, according to the registrar, the document was recorded in full, and he did not deny the recording of any part thereof.

Going into the merits of the appeal, the registrar then urged that, although it appears from the judicial order that the creditors of the condemned property were made parties-defendant in the condemnation proceeding, it is not stated therein that the said creditors were served with notice of the petition for condemnation or that they gave their consent to the cancellation of their credits in the registry, or that the amount of the liens has been reserved by the court to be paid out in due course to the respective lien-holders, or that the liens had been previously paid.

Rule 92(a), erroneously copied by the registrar, is not capable of the interpretation given to it by him. After directing that, where an administrative appeal is filed, the secretary shall give notice to the parties in order that they may file their respective briefs, it adds that six copies of

said briefs shall be filed and the original shall show that notice thereof has been served on the adverse party; and it concludes by stating:

"A simple typewritten copy of the instrument or instruments on which the appeal is based *shall also be filed by the appellant.*" (Italics ours.)

The registrar, however, misquotes the foregoing statement and erroneously concludes that the appellant is bound to deliver to him a copy of the instrument or instruments on which the appeal is based.

The rule does not impose such a duty on the appellant. Where the latter must file said copy is in the office of the secretary of this court, attaching the same to the petition for appeal.

▮ The other ground for dismissal is also untenable. The judicial order clearly directed the registrar to record in favor of the People of Puerto Rico, in the name and for the use of the Land Authority of Puerto Rico, the title to said property in fee simple absolute, free from all encumbrances. But the registrar failed to comply with the order in its entirety. It was ordered therein that the title in fee simple absolute should be recorded free from all encumbrances, and it appears from the decision appealed from that that mandate was not complied with. Under these circumstances, *Alvarez v. Registrar of San Germán*, 29 P.R.R. 716, cited by the appellant is apposite. It was held in that case, that an administrative appeal is proper where the registrar refuses to give to the document involved its full legal effect, as it evidently happened in the instant case.

The failure of the registrar to expressly state in his decision that he denied the recording of the cancellation of the encumbrances, when in point of fact he denied it, does not deprive the appellant of his right to have the action of the registrar reviewed in an administrative appeal. Were the

contention of the respondent upheld, the right to take an administrative appeal from a registrar's decision would be at the mercy of the registrar himself.

The case of *Orta* v. *Registrar*, 60 P.R.R. 768, cited by the respondent, is inapposite. In the instant case unlike the former, it was not sought to have the registrar, on the basis of facts set forth by the petitioner, exercise his quasi-judicial discretion by taking some action or certifying as to the existence or nonexistence of encumbrances on the title to an immovable or as to the legal condition of the same. On the contrary, here there is involved a judicial order, wherein, putting aside any discretion on the part of the registrar, he is ordered to record, *free of encumbrance,* the title to a certain property in fee simple absolute, in favor of a certain entity. The duty of the registrar is not to disregard that part of the judicial order which he considers erroneous, but to act in the manner required by law, that is, by recording the document with or without a curable defect, as the case may be, or if the defect be incurable, by denying the record and entering the proper cautionary notice.

The fact that at the time of the rendition of the order the creditors holding liens on the property had not been served with notice of the petition for condemnation, or that they had not given their consent to the cancellation, or that it did not affirmatively appear from the order that the amount of the liens had been reserved by the court to be paid at the proper time, did not deprive the court of jurisdiction to enter the order that it did. The law does not require, as a condition precedent to the transfer of the title in fee simple absolute, free of encumbrance, that the respondents be previously served with notice of the petition or that they give their consent to the claims of the petitioner.

Section 5(a), *supra,* expressly provides:

"In any proceeding which has been or may be instituted by and in the name and under the authority of The People of Puerto Rico or of the Insular Government, The People of Puerto Rico or

the Insular Government acting in such proceeding either on its own initiative and for its own use or on the request of any agency or instrumentality of The People of Puerto Rico . . . for the expropriation or for the acquisition of any property for public use, the petitioner or plaintiff may file in the same cause, *at the time the petition is filed* or at any time before judgment is rendered, a declaration of taking for the acquisition and material delivery of the property the object of condemnation. . .

"As soon as said declaration of taking and delivery is filed and the deposit is made in the court, for the benefit and use of the natural or artificial person or persons entitled thereto, of the amount estimated as compensation and specified in said declaration, *title to the said property in fee simple absolute, or such less estate or interest therein* as is specified in said declaration, shall vest in The People of Puerto Rico or in the Insular Government, or in the agency or instrumentality of The People of Puerto Rico which may have requested the expropriation . . . and the right to just compensation for the same shall vest in the person or persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding *and established by judgment therein*. . .

"*     *     *     *     *     *     *

". . . The court shall have power to make such orders in respect to encumbrances and other charges, if any, burdening the property, as shall be just and equitable.

"*Provided,* That no appeal in any such cause nor any bond or undertaking given therein shall operate to prevent or delay the acquisition by, or the vesting of the title to such property in, The People of Puerto Rico, the corresponding housing authority, municipality, or Government of the Capital, as the case may be, and its material delivery thereto." (Italics ours.)

Section 5(*b*) of the same Act provides:

"In any judgment rendered in a condemnation proceeding for the acquisition of private property or of any right thereon for public use . . . instituted directly by The People of Puerto Rico or by the Insular Government, or on behalf thereof by any agency [or] authority . . . of The People of Puerto Rico, in which the amount determined by the court as just compensation for the property or the rights thereon, the object of such proceeding, is greater than the amount fixed by the plaintiff or deposited in the court as just compensation for such property or rights thereon, The People of

Puerto Rico shall pay the amount, of the difference between the sum thus fixed by the plaintiff and deposited by him in the court and the sum that for the purpose has been determined by the court as just compensation for the property or the rights thereon, the object of such proceeding, with interest at the rate of six per cent per annum on such difference, to be computed from the date of the acquisition of such property or rights thereon up to the date of the payment of such difference.

"As soon as the judgment referred to in the preceding paragraph is final and unappealable, the Treasurer of Puerto Rico shall pay to the defendant in such condemnation proceedings the amount of the difference specified in the preceding paragraph, with interest thereon, as therein specified; and the Treasurer of Puerto Rico shall pay such difference and interest thereon, as provided in this section, chargeable to any funds in the insular treasury not otherwise appropriated.

"For the total payment of the difference referred to in the preceding paragraphs and the interest thereon, as herein provided, the good faith of The People of Puerto Rico is irrevocably pledged.

"The necessary amounts to carry out the provisions of this section are hereby appropriated out of any funds in the insular treasury not otherwise appropriated."

The effect of the order for the taking and delivery is to vest in the Government the title as well as the material possession and, consequently, it operates to transfer to the deposited fund all claims, whether of ownership or of liens, at least as far as such liens may exist in favor of the respondents in the proceeding. It is obvious that the owner of the property, as well as the persons holding liens therein, should have an opportunity to be heard by the court in connection with their respective claims against the fund; but that opportunity does not necessarily have to be made available before the rendition of the order for taking and delivery. It will be sufficient if they are heard before final judgment is rendered.

Where, after a petition for condemnation which states facts sufficient to constitute a cause of action is filed, the Government deposits in court the amount which in its judg-

ment constitutes a just compensation and through an order for taking and delivery it obtains title to the property in fee simple absolute—subject, of course, to an increase in the amount if the court should finally decide that the value of the property is greater than the amount deposited—the Government is relieved from all responsibility as to the price of the property and all liens thereon. If the court should err in delivering a portion of the fund to any of the claimants, the remedy of the aggrieved party is to take an appeal, but such party is not entitled to make any claim against the Government. In other words, the liens are transferred to the fund, which takes the place of the property with respect to the claims of the former owner and of the lienholders. *United States* v. *Certain Parcels of Land,* 40 F. Supp. 436. The recording of the title to the property in fee simple absolute is, to a certain extent, a necessity. The recording of the condemned property subject to encumbrances might frustrate the purpose of the condemnation proceeding, inasmuch as the owners of such encumbrances might seek to enforce their claims against the property and thus endanger the title of the entity to which the property has been awarded for public purposes.

For the reasons stated, the decision appealed from is modified and the registrar is ordered to cancel the liens held by the respondents in the proceeding..